IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Bradley C. Newton, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:10-cv-01781-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| South Carolina Department of Public Safety and Mark A. Keel, Individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' South Carolina Department of Public Safety ("SCDPS") and Mark A. Keel's ("Defendant Keel"), individually, Motion for Summary Judgment [Doc. 12]. Based on the record before this court, Defendants' motion is granted as to Plaintiff's claims under 42 U.S.C. § 1983, and this matter is remanded to state court for resolution of any state law claims.

## JURISDICTION

This action was commenced on June 1, 2010, by the filing of the Complaint [Doc. 1] in the Court of Common Pleas for Laurens County, South Carolina. On July 8, 2010, Defendants timely removed this action from state court to the United States District Court for the District of South Carolina, pursuant to 28 U.S.C. §§ 1441(a) and (b), based on the presence of federal claims asserted against Defendant Keel under 42 U.S.C. § 1983.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff began his employment with SCDPS, on or about September 12, 2005, as a trainee for the position of Highway Patrol Trooper. During his employment with SCDPS, Plaintiff received satisfactory performance evaluations. Plaintiff was promoted to other positions including Trooper First Class and Senior Trooper. Plaintiff was reassigned from Troop Three in Greenville County to Troop Two in Laurens and Newberry Counties in October 2009.

On or about December 9, 2009, SCDPS terminated Plaintiff's employment for allegedly falsifying official records and exhibiting negligence in the performance of his duties relative to the mishandling of collision reports. Plaintiff filed a grievance related to his termination. At the grievance hearing, held on or about December 17, 2009, Plaintiff requested to resign his employment instead of being terminated. SCDPS accepted Plaintiff's resignation, and the parties formalized Plaintiff's separation from his employment in a Confidential Settlement Agreement and Release (the "Agreement"), dated December 22, 2009. In the Agreement, SCDPS allowed Plaintiff to resign effective December 9, 2009, in exchange for dismissing his grievance and all claims related to it. Plaintiff claims that the purpose of the Agreement was to allow him to pursue career options in law enforcement with other agencies. Plaintiff alleges that Defendants violated this confidential Agreement by providing alleged false information to the South Carolina Criminal Justice Academy (the "Academy") that Plaintiff had resigned in lieu of termination for his violation of SCDPS's policy on misconduct and that Plaintiff was dishonest with his employer. When Plaintiff learned that Defendants had reported to the Academy that he had resigned in lieu of termination rather than only reporting that he had resigned, Plaintiff requested that Defendants restore his grievance rights. Defendants refused Plaintiff's request to have his grievance rights restored.

Plaintiff filed this action alleging causes of action against SCDPS for negligence and civil conspiracy under the South Carolina Tort Claims Act, §§ 15-78-10 *et. seq.*, and breach of contract. Plaintiff alleges a cause of action for intentional infliction of emotional distress against Defendant Keel, and further alleges, under section 1983, that Defendant Keel, in his capacity as Director of SCDPS, deprived Plaintiff of his right to pursue his grievance against SCDPS, thus violating his right to due process and equal protection as guaranteed by the United States Constitution.

Defendants seek summary judgment as to each of Plaintiff's causes of action and further assert that Defendant Keel is entitled to qualified immunity on the federal constitutional claims asserted against him in his individual capacity.

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in

support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

**I. Section 1983**

Plaintiff brings claims against Defendant Keel under section 1983. Section 1983 is the federal provision permitting a civil action for the deprivation of federally guaranteed rights. Section 1983 allows a citizen, or other person within the jurisdiction of the United States, to bring suit against any person acting under the color of law, whether state or federal, for depriving him of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. Section 1983 does not confer a substantive right, rather it provides a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The first step in analyzing a section 1983 claim is to identify the federal right that has allegedly been infringed. *Id.* Plaintiff alleges that Defendant Keel violated his due process and equal protection rights.

Defendants argue that, to the extent that Plaintiff's due process claim is based on the alleged breach of the Agreement, Defendant Keel is entitled to summary judgment because breach of a

contract does not give rise to a claim for deprivation of due process. In cases involving due process claims for violations of the terms of a contract or settlement agreement, many courts have held that a "mere breach of contract by government does not give rise to a constitutional claim." *Sudeikes v. Chicago Transit Authority*, 774 F.2d 776, 770 (7th Cir. 1985) (citing *Manilla Investment Co. v. Trammell*, 239 U.S. 31 (1915)); *see also Kilcoyne v. Morgan*, 664 F.2d 940, 942 (4th Cir. 1981) ("As we have admonished repeatedly, '[e]very disagreement between a public employee with his employer . . . over the terms of his contract does not reach constitutional proportions.'" (quoting *Sigmon v. Poe*, 564 F.2d 1093, 1096 (4th Cir. 1977))); *see also Heath v. City of Fairfax*, 542 F.2d 1236, 1238 (4th Cir. 1976) (noting that a mere breach of contract is not an assertion of constitutional rights). To the extent that Plaintiff has alleged a violation of due process based on Defendants' alleged breach of the Agreement, the court finds that such a breach of contract alone does not give rise to a claim for deprivation of due process.

Further, Defendants argue that, to the extent that Plaintiff's due process claim is based on being denied the right to pursue his grievances, Defendant Keel is entitled to summary judgment because Plaintiff was an at-will employee, and thus did not have a property interest in his employment. Defendants also argue that Plaintiff cannot establish a claim for deprivation of a liberty interest because the charges against Plaintiff were true and were not made public by Defendants. A public employee cannot establish a due process claim unless the employee can show that he was deprived of a liberty or property interest protected by the clause. *Bradley v. South Carolina Dep't of Corr.*, C.A. No. 3:08-2510-JFA-JRM, 2010 WL 883729, at *16 (D.S.C. Mar. 5, 2010). At-will employment is not a property interest for purposes of the Due Process Clause. *See Haddle v. Garrison*, 525 U.S. 121, 492 (1998). However, an at-will employee may establish a due process

claim based on the deprivation of a liberty interest where an employer has deprived the employee of the "freedom to take advantage of other employment opportunities." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972). To establish such a claim, an employee must allege that the employer made statements regarding the employee "that: (1) placed stigma on [the employee's] reputation; (2) were made public by the employer; (3) were made in conjunction with [the employee's] termination or demotion; and (4) were false." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007).

Plaintiff concedes that he was an at-will employee. Thus, the court finds that Plaintiff's employment was not a property interest for purposes of the Due Process Clause.[1] Therefore, the court turns to whether Plaintiff was deprived of a liberty interest protected by the Due Process Clause. Plaintiff alleges that because Defendant Keel denied him the opportunity to contest the allegations against him through the grievance process, Defendant Keel impeded his ability to take advantage of other employment opportunities in law enforcement, and thus deprived him of a liberty interest. However, Plaintiff has failed to satisfy the requirements for establishing a due process claim based on the deprivation of a liberty interest. Specifically, Plaintiff has not satisfied the requirement that Defendant Keel publicly disclosed the statements made regarding his separation from employment. The only disclosure that Plaintiff alleges Defendants made of the statements was the disclosure to the Academy. However, such disclosures to the Academy are not public for the purposes of establishing the deprivation of a liberty interest. *See Bell v. Town of Port Royal*, S.C.,

---

[1] Although Plaintiff may have been entitled to challenge his termination through the State Employee Grievance Procedure Act, *see* S.C. Code Ann. § 8-17-310 (2010), such grievance rights do not establish a property interest in employment. *See Bunting v. City of Columbia*, 639 F.2d 1090, 1093-95 (4th Cir. 1981).

586 F. Supp. 2d 498, 519-21 (D.S.C. 2008) (holding that such disclosures made to the Academy are not public). Defendants also argue that Plaintiff cannot establish a claim for deprivation of a liberty interest because the charges against Plaintiff were true; however, a determination as to the truth of Plaintiff's allegations likely rests on a resolution of Plaintiff's state law breach of contract claim.[2] For the foregoing reasons, the court finds that Defendants are entitled to summary judgment with regard to Plaintiff's due process claim.

Furthermore, Defendants argue that they are entitled to summary judgment with regard to Plaintiff's due process claim because Plaintiff has not shown that he did not have an adequate remedy under state law. "To state a successful claim for failure to provide due process, 'a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.'" *Root v. Cnty. of Fairfax*, 371 Fed. Appx. 432, 434 (4th Cir. 2010) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Defendants assert that although Defendant Keel denied Plaintiff's request to resume the grievance process, Plaintiff could have appealed Defendant Keel's decision to the State Human Resources Office Director pursuant to section 8-17-330 of the South Carolina Code. *See* S.C. Code Ann. § 8-17-330 (2010). Plaintiff argues that he was not required to appeal Defendant Keel's decision because such an appeal would have been futile. Plaintiff further argues that he could not have appealed Defendant Keel's decision because Defendant Keel denied him the right to file an appeal. However, the court has found that Defendants are entitled to summary judgment with regard to Plaintiff's due process claim based on Plaintiff's failure to show that he was deprived of a liberty or property interest and because the

---

[2] While Defendants reported that Plaintiff resigned in lieu of termination, Plaintiff asserts that based on the Agreement, Defendants' disclosures should not have included any comments regarding termination.

breach of a contract does not give rise to a claim for deprivation of due process. Thus the court declines to address whether Plaintiff has shown that he did not have an adequate remedy under state law.

Defendants argue that they are entitled to summary judgment with regard to Plaintiff's equal protection claim. "The Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 605 (2008). However, "not every difference in the treatment of public employees 'rises to the level of a constitutional deprivation.'" *Daniels v. Quinn*, 801 F.2d 687, 691 (4th Cir. 1986) (citing *Clark v. Whiting*, 607 F.2d 634, 638 (4th Cir. 1979)). Plaintiff has failed to allege or present evidence that Defendant Keel's actions were in any way connected to Plaintiff's membership in a distinct group of individuals. Therefore, Defendants' motion for summary judgment, with respect to Plaintiff's equal protection claim, is granted.

Alternatively, Defendants argue that Defendant Keel is entitled to qualified immunity with regard to the due process and equal protection claims asserted against him. However, having found that Defendants are entitled to summary judgment regarding these claims, the court declines to address Defendants' qualified immunity argument.

**II. State Law Claims**

Defendants argue that they are entitled to summary judgment with regard to Plaintiff's claim of intentional infliction of emotional distress against Defendant Keel and Plaintiff's claims of negligence, civil conspiracy, and breach of contract against SCDPS. However, this court declines to address Defendants' arguments regarding Plaintiff's state law claims because it has granted

summary judgment in favor of Defendants on each of Plaintiff's federal claims. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants, *see* 28 U.S.C. § 1367(c), and remands this matter to state court for resolution of any state law claims.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 12] is **GRANTED** with respect to Plaintiff's claims under 42 U.S.C. § 1983. Furthermore, with respect to Plaintiff's state law claims, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, this matter is remanded to the Laurens County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 23, 2011
Greenville, South Carolina